# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Angel Tomas LUCERO | ) | Case No. 24 MJ 361 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**FILED**
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **March 9, 2024** in the county of **Dona Ana** in the
_____ District of **New Mexico**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) | Possession with intent to distribute 5 kilograms and more of a mixture and substance containing cocaine |
| 18 U.S.C. § 924(c) | Possession of a firearm in furtherance of a drug trafficking crime. |

This criminal complaint is based on these facts:

See attached affidavit, which is incorporated by reference.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jared M. Queen, Special Agent
*Printed name and title*

Electronically submitted and telephonically sworn.

Date: 03/10/2024

_____
*Judge's signature*

City and state: Albuquerque, New Mexico      U.S Magistrate Judge Steven C. Yarbrough
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jared M. Queen, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Drug Enforcement Administration ("DEA") and have been since October 2020. As such, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations and to make arrests for criminal offenses, to include those enumerated in 18 U.S.C. § 2516.

2. I graduated from the DEA Training Academy in Quantico, Virginia, after receiving approximately 16 weeks of specialized narcotics related training. While at the DEA Training Academy I became familiar with how controlled substances are consumed, manufactured, packaged, marketed, and distributed. I received training on surveillance and counter-surveillance operations, undercover operations, confidential source operations, criminal law, and investigations involving federal electronic surveillance statutes, to include Title III wiretaps, drug identification, search warrant executions, and vehicle stops.

3. My experience as a Special Agent includes, but is not limited to, conducting surveillance, interviewing witnesses, writing affidavits for and executing search and seizure warrants, debriefing defendants and confidential sources and working with undercover agents and informants. I have received training and have experience in the investigation of violations of the federal drug and money laundering laws, including the offenses listed below. As a result, I am familiar with matters including, but not limited to, the means and methods used by drug traffickers and drug trafficking organizations to purchase,

transport, store, and distribute illegal drugs and to hide profits generated from those transactions. I also have experience in analyzing and interpreting drug codes and cryptic dialogues used by drug traffickers. I have spoken to other law enforcement officers with similar experiences.

4. This affidavit is made in support of the issuance of a Criminal Complaint charging Angel LUCERO with:

    [1] possession with intent to distribute 5 kilograms and more of a mixture and substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and

    [2] possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

5. I have personally participated in the investigation of LUCERO summarized herein. I make this Affidavit based on my participation in the investigation as well as reports and information made available to me by other agents, TFOs, and law enforcement authorities. This affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge or surrounding facts pertaining to this matter.

PROBABLE CAUSE

6. On March 9, 2024, DEA agents received a phone call from United States Customs and Border Protection (USCBP) agents in Las Cruces, New Mexico, informing them that a man from Albuquerque, New Mexico, had just attempted to cross through the checkpoint near Dona Ana, New Mexico with approximately 20 kilograms of suspected cocaine and two firearms in his vehicle, a white 2015 Jeep Grand Cherokee.

7. USCBP agents indicated that Angel LUCERO attempted to cross through the checkpoint, and when initially contacted by the agent, LUCERO admitted to smoking marijuana. USCBP agents conducted a canine free-air sniff of the vehicle which resulted in an indication that illegal substances were present. LUCERO was referred for a secondary inspection where he became agitated. There, agents said at one point after being removed from his vehicle, LUCERO ran back to his vehicle and attempted to flee. LUCERO started the engine, but USCBP agents were quick to turn off the engine and restrain him before he could flee.

8. During the search of the vehicle, USCBP found and seize 20 brick-shaped objects located in a cardboard box. USCBP agents also found an undetermined amount of US currency. Additionally, underneath the rear middle seat, and in close proximity to the drugs and currency, USCBP agents found and seized the following firearms and ammunition:

   - one FN Five-Seven, 5.7mm serial number: 386436287, with 19 cartridges in the magazine, but none in the chamber;

   - one Kimber Micro, 380 auto, serial number: P0100563, with four cartridges in the magazine but none in the chamber; and

   - one AR-15 style rifle magazine with 29 cartridges loaded in the magazine.

9. USCBP agents cut into one of the brick-shaped objects and found a white, powdery substance. Agents conducted a field test on the white, powdery substance which resulted in a presumptive positive indication for the presence of cocaine.

10. DEA agents responded to the scene and took custody of the bricks of suspected cocaine, the firearms and ammunition, and LUCERO.

11. Based on my training and experience, the amount of cocaine seized from LUCERO's vehicle exceeds a personal use quantity and is instead indicative of possession with intent to distribute that controlled substance.

12. This affidavit has been approved by AUSA Tim Vasquez.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*[Signature]*
Jared M. Queen
Special Agent
U.S. Drug Enforcement Administration

Telephonically sworn and electronically signed this __10__ day of March 2024.

*[Signature]*
The Honorable Steven C. Yarbrough
United States Magistrate Judge